IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KENNETH SCARVER                                                                         PETITIONER

V.                          CASE NO. 4:20-CV-1247-BSM-BD

LAFFYETTE WOODS, JR.; and
ARKANSAS, State of                                                                     RESPONDENTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Scarver may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Scarver does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Kenneth Scarver was arrested in Jefferson County, Arkansas, on December 14, 2017. See *State v. Kenneth T. Scarver*, Arrest Warrant, Case No. 35CR-16-561 (Dec. 19, 2017).[1] He was later charged by a criminal information on one count each of possession

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

of a firearm by a convicted felon; third-degree domestic battery; and terroristic threatening. *Id.*, Amended Criminal Information (Dec. 29, 2017). The trial court set Mr. Scarver's bond at $25,000. *Id.* His criminal trial has been set, then continued three times. *Id.*, Scheduling Orders (Feb. 26, 2018; Jun. 3, 2019; Sep. 6, 2019; Aug. 10, 2020). The first continuance was occasioned by Mr. Scarver's failure to appear at his omnibus hearing. *Scarver*, Order Authorizing Alias Warrant (May 7, 2020). The second and third continuances were at defense counsel's request. *Id.*, Motions for Continuance (Sep. 4, 2019 & Nov. 22, 2019).

While those charges were pending, Mr. Scarver picked up new charges in four separate cases. See *State v. Kenneth T. Scarver*, Case No. 35CR-18-26; *State v. Kenneth T. Scarver*, Case No. 35CR-18-27; *State v. Kenneth T. Scarver*, Case No. 35CR-18-227; *State v. Kenneth Scarver*, Case No. 35CR-20-313. These new charges include: two counts of felon-in-possession-of-a-firearm; two counts of criminal possession of body armor; battery; second-degree domestic battering; and two counts of furnishing prohibited articles. See *Scarver*, Criminal Information, Case No. 35CR-18-26 (Jan. 25, 2018); *Scarver*, Criminal Information, Case No. 35CR-18-27 (Jan. 25, 2018); *Scarver*, Criminal Information, Case No. 35CR-18-227 (May 16, 2018); *Scarver*, Criminal Information, Case No. 35CR-20-313 (Jun. 10, 2020). The last case involves charges filed while Mr. Scarver was incarcerated.[2]

---

[2] Mr. Scarver's petition also includes a claim challenging these charges (Doc. No. 1 at p.4), but a habeas petition is not an appropriate avenue for challenging the validity of a state charge before state remedies have been exhausted. See 28 U.S.C. § 2254(b).

2

On October 16, 2020, Mr. Scarver filed a "writ of certiorari and prohibition," which the Clerk filed as a *pro se* petition for writ of habeas corpus. (Doc. No. 1) In his petition, Mr. Scarver states that he is in jail in Jefferson County, Arkansas. He claims that his has been denied his constitutional right to a speedy trial, in violation of the Sixth Amendment to the United States Constitution. Mr. Scarver seeks dismissal of all state charges and immediate release from jail.

At the time Mr. Scarver filed the instant habeas corpus petition, he had been in jail since April 30, 2019. His bond had been revoked twice. *Scarver*, Orders Revoking Bond, Case Nos. 35CR-16-561; 35CR-18-26; 35CR-18-27; 35CR-18-227; 35CR-20-313 (Jun. 11, 2018; July 7, 2020). It appears that Mr. Scarver has been in and out of jail since his initial arrest on December 14, 2017, and that the delay of his jury trial is due to his repeated failure to appear at scheduled hearings,[3] his multiple arrests on new charges while out on bond, and defense counsel's motions for continuance.

### III.    Discussion:

Although Mr. Scarver filed his petition under 28 U.S.C. § 2254, it is more appropriately categorized as a petition brought under 28 U.S.C. § 2241.[4] Regardless of the statutory basis, Mr. Scarver's petition fails for several reasons.

---

[4] As a pretrial detainee, Mr. Scarver cannot bring a habeas petition under § 2254 because he is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). He does allege, however, that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," as required to bring a petition under § 2241. 28 U.S.C. § 2241(c)(3).

First, these circumstances are simply not extraordinary enough to justify federal court interference in state's judicial proceedings. *Cf. Branden*, 410 U.S. at 489-92 (exercise of federal habeas jurisdiction warranted over speedy trial claim where indictment was over three years old; further delays in trial would prejudice petitioner's ability to defend himself and his opportunity for parole; and petitioner had fully exhausted state remedies).

Second, Mr. Scarver's claim under the Sixth Amendment fails because he has not exhausted his state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Mr. Scarver does not allege that he exhausted his state remedies before filing this petition. And, in reviewing his state docket sheets,[5] it does not appear that he has pursued any such remedy. See *State v. Scarver*, Case Nos. 35CR-16-561; 35CR-18-26; 35CR-18-27; 35CR-18-227; 35CR-20-313.

Additionally, this Court must be "conscious of the need to prevent perversion of the habeas corpus jurisdiction into a pretrial-motion forum for prisoners." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) (cleaned up). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Id.*

---

[5] The Court "may take judicial notice of proceedings in other courts that relate directly to matters at issue." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

4

Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases. Mr. Scarver has failed to exhaust his state court remedies and has not alleged sufficiently extraordinary circumstances to warrant federal action. Therefore, Mr. Scarver's petition should be summarily dismissed, without prejudice.

### IV.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Scarver has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Scarver has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### V.    Conclusion:

The Court recommends that Judge Miller DENY and DISMISS Kenneth Scarver's petition for writ of habeas corpus (Doc. No. 1), without prejudice. Furthermore, Judge Miller should deny a certificate of appealability.

DATED this 1st day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE